UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DONALD R. JONES,                                    )
                                                    )
                          Plaintiff,                )
                                                    )
            vs.                                     )        No. 1:15-cv-01591-TAB-TWP
                                                    )
CAROLYN W. COLVIN Commissioner of the               )
Social Security Administration,                     )
                                                    )
                          Defendant.                )

**ORDER**

Plaintiff's attorney has demonstrated a failure to meet important deadlines in this case.

Though counsel attempts to justify his behavior by pointing to illness, it does not justify his

missteps.  As explained below, the Court dismisses this case.

The Court has the authority to enter a *sua sponte* order of dismissal for lack of

prosecution.  Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31

(1962) (discussing the inherent power vested in courts to manage the "orderly and expeditious

disposition of cases").  "Once a party invokes the judicial system by filing a lawsuit, it must

abide by the rules of the court; a party can not decide for itself when it feels like pressing its

action and when it feels like taking a break because '[t]rial judges have a responsibility to

litigants to keep their court calendars as current as humanly possible.'" *James v. McDonald's*

*Corp.*, 417 F.3d 672, 681 (7th Cir. 2005).

The opening brief was initially due February 29, 2016.  [Filing No. 17.]  The Court

extended that deadline to March 19, 2016, upon Plaintiff's attorney's representation that he had

"several briefs due during the same time frame and an unusually large number of disability

hearings."  [Filing Nos. 18, 19.]  The Court again extended the deadline to April 3, 2016, based

on identical representations, stating, "[n]o further enlargements anticipated." [Filing Nos. 20, 21] Plaintiff nevertheless failed to file an opening brief. On April 22, 2016, the Court ordered Plaintiff to show cause by April 30 why this case should not be dismissed for failing to timely file an opening brief or anything else. [Filing No. 22.] Plaintiff belatedly responded to the show cause order on May 1. [Filing No. 23.]

Plaintiff's attorney asserts that he failed to file an opening brief due to illness. He explains that after being hospitalized for lung cancer in June 2015, he resumed meeting with clients in September 2015. Plaintiff's attorney explains that he entered an eight-week pulmonary rehabilitation program in March 2016, which required his attendance three days a week.

Although the Court could have simply dismissed this case after no opening brief was filed on April 3, it afforded Plaintiff's counsel an opportunity to provide an explanation. Generally, failure to timely file an opening brief due to illness would be excusable. However, there are three problems with Plaintiff's attorney's response. First, Plaintiff's counsel never mentioned anything about illness when, on two prior occasions, he requested enlargements of time to file his opening brief. Second, Plaintiff's attorney allowed the deadline for filing an opening brief to pass without filing a brief or requesting additional time. Third, Plaintiff's counsel filed a belated response to the show cause order that lacked any explanation for his failure to timely respond. These failures overshadow Plaintiff's attorney's excuse, and do not justify the complete disregard of these deadlines. Thus, the Court declines to excuse Plaintiff's attorney's failure to file an opening brief. This case is dismissed without prejudice.

Date: 5/6/2016

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

2

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov